1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF NEW YORK

3    ------------------------------------x

4    UNITED STATES OF AMERICA,

5                         Plaintiff,          Docket No.:
                                              21 CR 236 (KAM)
6              versus

7    SHIMON ROSENFELD,                        U.S. Courthouse
                                              225 Cadman Plaza East
8                         Defendant.          Brooklyn, NY 11201
     ------------------------------------x
9                                             May 20, 2021
                                              11:00 a.m.
10

11             Transcript of Criminal Cause for Pleading

12

13   Before:   HONORABLE KIYO A. MATSUMOTO,
                              District Court Judge
14

15

16                         APPEARANCES

17   For the Government:         MARK J. LESKO, ESQ.
                                 Acting United States Attorney
18                               Eastern District of New York
                                 271 Cadman Plaza East
19                               Brooklyn, New York 11201
                                 BY:  HIRAL MEHTA, ESQ.,
20                                   Assistant U.S. Attorney

21   For the Defendant:          SUSAN NECHELES, ESQ.
                                 535 Fifth Avenue
22                               New York, New York 10017

23   Official Court Reporter:    MICHELE NARDONE, CSR
                                 Email:  Mishrpr@aol.com
24
     Proceedings recorded by mechanical stenography.  Transcript
25   produced by computer-aided transcription.

     MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1        (Via videoconference; defendant present.)

2        THE CLERK:  Good morning.  This is criminal cause

3  for pleading, docket 21 CR 236, USA versus Shimon Rosenfeld.

4        Will the Government's attorney please state your

5  appearance.

6        MR. MEHTA:  Good morning, Your Honor.  Hiral Mehta,

7  for the United States of America; and I note that Julie Amato

8  from the FBI as well as Martin Sullivan from our office is

9  also appearing, Your Honor.

10        THE COURT:  All right.  Thank you.  Good morning.

11        Who do we have for the defendant, please?

12        MS. NECHELES:  Susan Necheles, for Mr. Rosenfeld.

13        THE COURT:  Thank you; and, Mr. Rosenfeld, good

14  morning.  Do you speak and understand English without

15  difficulty?

16        THE DEFENDANT:  Yes, Your Honor.

17        THE COURT:  Please raise your right hand and take an

18  oath to tell the truth.

19        (The defendant was sworn/affirmed.)

20        THE COURT:  All right.  Thank you.

21        Mr. Rosenfeld, under normal circumstances, you would

22  be appearing in my courtroom and you would be standing face to

23  face with me while you decide whether or not to go forward

24  with your guilty plea.  Because of the COVID-19 pandemic and

25  the CARES Act, and an order of our chief judge, we have

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    presumptively tried to avoid issues regarding public health by

2    having pleas and other proceedings by videoconference; that

3    is, provided that a person consents.

4            So I ask you, Mr. Rosenfeld:  Do you consent today

5    to proceed by videoconference?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  All right.  Thank you.

8            Caller -- some callers, some users that have called

9    in, would you please mute your microphones, those who recently

10   joined us, please.

11           THE CLERK:  If you refuse to mute your microphones,

12   I will be forced to mute them.

13           THE COURT:  You know what, they are not responding.

14           THE CLERK:  So I will mute their calls.

15           THE COURT:  Thank you.  Thank you, Ms. Jackson.

16           Mr. Rosenfeld, before I decide whether or not to

17   accept your guilty plea, there are a number of questions I

18   must ask you in order to assure myself that your plea is

19   valid.  So if you do not understand my question, or if you

20   need clarification, or if you wish to confer with your lawyer,

21   please let me know.  All right, sir?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  Do you understand that because you have

24   taken an oath to tell the truth, your answers to my questions

25   will be subject to penalties of perjury, or making false

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   statements, if you do not answer truthfully?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  Would you please tell me your full legal

4   name.

5           THE DEFENDANT:  Shimon A. Rosenfeld.

6           THE COURT:  And, Mr. Rosenfeld, how old are you?

7           THE DEFENDANT:  Sixty.

8           THE COURT:  Sixty years old, and would you tell me

9   what schooling or education you have had, please.

10          THE DEFENDANT:  Well, I went to law school.  So I

11  graduated law school.

12          THE COURT:  Are you a licensed member of the bar?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Have you had any difficult communicating

15  in the English language with your attorney?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  Do you have any difficulties reading or

18  writing English, sir?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  Ms. Necheles, have you detected any

21  issues regarding comprehending the English language on the

22  part of your client?

23          MS. NECHELES:  No, Your Honor.

24          THE COURT:  Mr. Rosenfeld, are you presently or have

25  you recently been under the care of a physician or

USA v. Rosenfeld

1    psychiatrist?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Would you tell me whether -- is it a

4    medical doctor or a psychiatrist, sir?

5              THE DEFENDANT:  Medical doctor.

6              THE COURT:  And when did you last consult with a

7    medical doctor, please?

8              THE DEFENDANT:  Well, actually, Friday.  So a couple

9    of days ago.

10             THE COURT:  All right.  And are you being treated

11   for a condition for which you take medication?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Does the medication affect your ability

14   to think or perceive or to conceptualize clearly and cogently?

15             THE DEFENDANT:  No, Your Honor.

16             THE COURT:  In the past 24 hours have you taken your

17   medication?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  All right.  And you say that that

20   medication does not affect your cognitive abilities; is that

21   correct?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Have you taken any narcotic drugs, sir,

24   in the last 24 hours?

25             THE DEFENDANT:  No, Your Honor.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1          THE COURT:  Have you consumed any alcoholic

2     beverages in the last 24 hours?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Have you been recently hospitalized or

5     treated for any mental or emotional problems or any alcohol or

6     drug addictions?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Do you feel that your mind is clear now?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Do you understand what is going on in

11    this proceeding and why you are here?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Ms. Necheles, have you discussed the

14    matter of pleading guilty with your client?

15         MS. NECHELES:  Yes, I have.

16         THE COURT:  Does he understand the rights that he

17    would be waiving if he were to proceed with his guilty plea?

18         MS. NECHELES:  Yes.

19         THE COURT:  Are you convinced that Mr. Rosenfeld is

20    capable of understanding the nature of the proceedings we are

21    holding right now?

22         MS. NECHELES:  Yes, I am, Your Honor.

23         THE COURT:  Do you have any doubt as to whether or

24    not he is competent to plead at this time?

25         MS. NECHELES:  No, I have no doubt he is competent.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1              THE COURT:  Have you advised Mr. Rosenfeld of the

2    minimum and maximum sentence and fine that could be imposed if

3    he were to plead guilty?

4              MS. NECHELES:  Yes, I have.

5              THE COURT:  Have you also discussed with your client

6    the advisory nature of the sentencing guidelines and the

7    statutory sentencing factors that I would consider if he were

8    to plead guilty and I were to sentence him?

9              MS. NECHELES:  Yes, Your Honor.

10             THE COURT:  Mr. Rosenfeld, have you received a copy

11   of the information pending against you, that is the written

12   charges?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  And have you had an opportunity to

15   discuss those charges with your lawyer?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Are you satisfied with your lawyer's

18   representation?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Do you understand that you have the

21   right to counsel throughout these proceedings?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Ms. Necheles, are you satisfied that

24   your client has had a full opportunity to understand the

25   charges and the nature of today's proceedings?

USA v. Rosenfeld

1         MS. NECHELES:  Yes, Your Honor.

2         THE COURT:  Mr. Rosenfeld, you do have a

3   constitutional right to be charged by an indictment of the

4   grand jury.  You can also waive, or give up, that right and

5   consent to being charged by an information by the United

6   States Attorney.

7         Instead of an indictment, the felony charge against

8   you, that is wire fraud, has been brought by the United States

9   Attorney by the filing of an information.  Unless you waive

10   your right to be indicted, you may not be charged with a

11   federal felony unless a grand jury finds, by return of an

12   indictment, that there is probable cause to believe that an

13   offense has been committed and that you have committed that

14   offense.  Do you understand?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  If you do not waive your right to be

17   indicted, the Government may present this case or the evidence

18   to the grand jury and request the grand jury to indict you.

19         The grand jury is comprised of at least 16 citizens

20   but not more than 23 citizens of the Eastern District of

21   New York.  At least 12 grand jurors must find that there is

22   probable cause to believe that you committed an offense before

23   you may be charged with a federal felony.  Do you understand?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  A grand jury may decide not to indict

USA v. Rosenfeld

1    you.  Do you understand?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  If you do waive your right to be

4    indicted by the grand jury, this case will proceed against you

5    by the United States Attorney's information, just as though

6    you had been indicted.  Do you understand?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  Sir, I have before me a document

9    entitled "Waiver of Indictment," with the caption United

10   States versus Shimon Rosenfeld and the docket number.

11               Did you sign a document entitled "Waiver of

12   Indictment," on or about May 20, 2021?

13               THE DEFENDANT:  Yes, Your Honor.

14               THE COURT:  Did your attorney, Gedalia Stern, also

15   sign the waiver form?

16               THE DEFENDANT:  Yes, Your Honor.

17               THE COURT:  Before you signed this document, the

18   waiver, did you read it?

19               THE DEFENDANT:  Yes, Your Honor.

20               THE COURT:  Did you have an opportunity to discuss

21   your right to be indicted and the implications of the waiver

22   before you signed it?

23               THE DEFENDANT:  Yes, Your Honor.

24               THE COURT:  By signing this document, do you intend

25   to indicate that you are giving up your right to be indicted?

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   THE DEFENDANT:  Yes, Your Honor.

2   THE COURT:  Now, sir, do you intend to give up your

3   right to be indicted by a grand jury?

4   THE DEFENDANT:  Yes, Your Honor.

5   THE COURT:  Did anyone threaten you or force you to

6   give up your right to be indicted by a grand jury?

7   THE DEFENDANT:  No, Your Honor.

8   THE COURT:  Do you know of any reason why your

9   waiver of your right to be indicted is not a valid one?

10   THE DEFENDANT:  No, Your Honor.

11   THE COURT:  Mr. Rosenfeld, I find that your

12   signature on the waiver of indictment and your statements here

13   today indicate that you are knowingly and voluntarily

14   understanding and giving up your right to be indicted by a

15   grand jury.  I therefore accept your waiver.

16   Now, sir, I'm going to just advise you that the

17   felony charges in this case have been brought against you by

18   way of an information.  The information of the U.S. Attorney

19   charges you with wire fraud, specifically that between

20   May 2014 and March 2018 you, together with others, knowingly

21   and intentionally devised a scheme and artifice to defraud one

22   or more investors and potential investors, that is victims one

23   through five, whose identifies are known to the United States

24   Attorney, and you did this to obtain money and property from

25   them by means of one or more materially false and fraudulent

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    pretenses, representations, and promises.  For the purpose of

2    executing such scheme and artifice, transmitted and caused to

3    be transmitted by means of wire communications in interstate

4    commerce one or more writings, signs, signals, pictures, or

5    sounds in violation of 18 United States Code, Section 1343, 2,

6    and 3551 and following.

7            Sir, you should also note that the information

8    notifies you that the United States is intending to forfeit,

9    pursuant to Section 981(a)(1)(C) of Title 18 and Title 28

10   United States Code, Section 2461(c), any property, real or

11   personal, that constitutes or is derived from the proceeds

12   obtained directly or indirectly from the offense charged in

13   the information.  If the Government cannot locate such

14   forfeitable property, they do have the right to substitute any

15   property in which you have an interest.  Do you understand?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Did you have a chance to discuss the

18   forfeiture and the charge set forth in the information with

19   your lawyer?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Would you like me to read the

22   information, sir, or do you waive reading?

23           THE DEFENDANT:  I waive reading, Your Honor.

24           THE COURT:  Mr. Rosenfeld, you do have the right to

25   plead not guilty to the information.  Do you understand?

USA v. Rosenfeld

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  If you do plead not guilty to the

3    information, under the United States Constitution and laws,

4    you would be entitled to a speedy and public trial by a jury,

5    with the assistance of your attorney, on the charges set forth

6    in the information, 21 CR 236.  Do you understand?

7    THE DEFENDANT:  Yes, Your Honor.

8    THE COURT:  At the trial you would be presumed to be

9    innocent, and the Government would have to overcome that

10   presumption and prove you guilty with competent evidence

11   beyond a reasonable doubt, as to each and every element of the

12   offense charged in the information.  You would not have to

13   prove that you were innocent.

14   If the Government failed to prove you guilty beyond

15   a reasonable doubt as to any element of the offense charged,

16   the jury would have the duty to find you not guilty.

17   Do you understand?

18   THE DEFENDANT:  Yes, Your Honor.

19   THE COURT:  That is why sometimes, in a criminal

20   case, a jury will return a not guilty verdict, even if the

21   jurors may believe that the defendant on trial probably

22   committed the offense charged.  When a jury returns a

23   not-guilty verdict, they are not necessarily finding that the

24   defendant isn't guilty but rather they may not have been

25   convinced beyond a reasonable doubt that the defendant is

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   guilty.  Do you understand the difference?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  During the trial, the witnesses for the

4   Government would have to come to court and testify in your

5   presence.  Your attorney would have the right to cross-examine

6   those witnesses and to object to any of the evidence offered

7   against you by the Government.

8            Although you would have no obligation to do so, you

9   would have the right to present evidence and to compel

10  witnesses to come to court and testify in your defense.

11           Do you understand?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  At the trial, although you would have

14  the right to testify, if you chose to do so, you could not be

15  required to testify; and that is because the United States

16  Constitution protects your right not to incriminate yourself.

17  So, if you decided to go to trial and decided not to testify,

18  I would instruct the jury that they could not hold that

19  against you or discuss that fact during their deliberations.

20           Do you understand?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Now, if you do plead guilty and I accept

23  your guilty plea, you will be giving up your constitutional

24  right not to incriminate yourself.  Do you understand?

25           THE DEFENDANT:  Yes, Your Honor.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1      THE COURT:  If you plead guilty and I accept your

2   guilty plea, you will be giving up your right to the trial and

3   all the other rights I have just described.  There will be no

4   further trial of any kind and no right to appeal from the

5   judgment of guilt entered against you.  You will essentially

6   be convicted based upon your plea of guilty during the

7   proceeding we are holding right now, and the Government would

8   be freed of any obligation to prove anything about what you

9   did in connection with the charges in the information.

10      Do you understand?

11      THE DEFENDANT:  Yes, Your Honor.

12      THE COURT:  If you did proceed to trial and were

13   convicted by the jury's verdict, you would have the right to

14   let the Court of Appeals review the legality of all the

15   proceedings leading up to your conviction; but, when you enter

16   a guilty plea, what you are doing is substituting your own

17   words for the jury's verdict.  When you do that, you give up

18   your right to challenge or otherwise dispute your conviction

19   and the judgment of guilt entered against you.

20      Do you understand?

21      THE DEFENDANT:  Yes, Your Honor.

22      THE COURT:  If you do plead guilty, I will have to

23   ask you questions about what you did, in order to satisfy

24   myself that you are in fact guilty of the charges to which you

25   seek to plead guilty.  You will have to answer my questions

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    truthfully and acknowledge your guilt.

2           In that process, you will be giving up your right

3    not to incriminate yourself as you acknowledge and answer my

4    questions.  Do you understand?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  Are you willing to give up your right

7    not to incriminate yourself and to a trial?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  All right.  Now, sir, I understand you

10   have entered into an agreement with the Government.  We can

11   mark that agreement as Court Exhibit number 1.

12          I ask you, sir, whether you have had an opportunity

13   to read this agreement before you signed it?

14          (Court Exhibit 1 so marked.)

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Do you recall signing this agreement?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And that was on or about April 30; is

19   that correct, sir?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Your attorney, Gedalia Stern, also

22   appears to have signed this document.  Is that correct, sir?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Now, before you signed this did you have

25   a chance to read it and to discuss all the terms with your

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    attorney?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  By signing this document, do you intend

4    to indicate that you understand it and that you agree to those

5    terms?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Sir, are you a United States citizen?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  All right.  Otherwise, I would advise

10   you about the immigration consequences of your guilty plea.

11             Now, sir, do you have any questions about the

12   charges or your rights thus far?

13             THE DEFENDANT:  No, Your Honor.

14             THE COURT:  Let me then turn your attention to

15   paragraph one of your agreement, which lays out the penalties

16   that you would face if you were to plead guilty.  You face a

17   maximum term of imprisonment of 20 years, and there is no

18   minimum term of imprisonment.  The maximum release term is

19   three years, which would follow any term of imprisonment.

20             If you failed to comply with the terms of your

21   supervised release, you can be sentenced for up to two years

22   without any credit for time that you have already spent in

23   prison and without any credit for time that you have already

24   spent on supervised release.  The supervising probation

25   officer will have the right to require that you report to him

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   or her and that you comply with all the terms of your

2   supervised release, including the payment of any restitution,

3   fine, forfeiture, or special assessment.  Do you understand?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  The maximum fine that you face is the

6   greater of $250,000 or twice the gross gain or loss resulting

7   from your offense.  Do you understand?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  In addition, sir, restitution is

10  mandatory, and you will be required to fully compensate each

11  of your victims, as determined at the sentencing.

12           Do you understand?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Has the Government identified potential

15  victims and the loss amounts that they believe Mr. Rosenfeld

16  will have to pay?

17           MR. MEHTA:  Yes, Your Honor.  We have identified at

18  least five victims, and the loss amounts are estimates at this

19  point.  We have not received any affidavits yet, Your Honor,

20  but we have some estimates.

21           THE COURT:  What are they, please, just estimating?

22           MR. MEHTA:  The estimated loss is approximately

23  $6 million, Your Honor.

24           THE COURT:  All right.  Now, is there a provision

25  here that Mr. Rosenfeld has to make truthful and complete

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   financial disclosure of any assets in which he may have an

2   interest?

3           MR. MEHTA:  Yes, Your Honor, there is.

4           THE COURT:  All right.

5           MR. MEHTA:  It's in paragraph 11, Your Honor, of the

6   plea agreement.

7           THE COURT:  All right.  Thank you.

8           Sir, do you understand that you are going to have to

9   truthfully and completely disclose all of your assets to the

10  Government 30 days before you are sentenced?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  All right.  Thank you.

13          In addition, sir, we talked about the forfeiture

14  that was set forth in paragraph -- that is set forth in

15  paragraph 6 through 13 of this agreement.  The forfeiture

16  provision provides that you are going to agree to the entry of

17  a forfeiture money judgment in the amount of $4 million.

18          Do you understand?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Have you discussed this provision with

21  your lawyer, sir?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Now, paragraph seven requires that you

24  pay the forfeiture money judgment 30 days in advance of

25  sentencing.  Are you intending to do that, sir?

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    MS. NECHELES:  Your Honor, I think it says that if

2    he doesn't do that, that it will be imposed after sentencing;

3    and we have discussed with the prosecutor that he will not be

4    able to do that.  He doesn't have that kind of amount.

5    THE COURT:  Is he going to be able to pay any amount

6    of the forfeiture before sentencing, because it is relevant to

7    my sentencing decision?

8    MS. NECHELES:  Of course, Your Honor.  We understand

9    that.

10    What he is hoping to have is money to be able to pay

11    for restitution, and we are going to ask the prosecutor and

12    the Government to accept that that be applied to that

13    forfeiture be given as restitution.

14    THE COURT:  All right.  I think there is a process

15    for that, and Mr. Mehta, I'm sure, will let the Court know in

16    advance of sentencing how the forfeiture and restitution may

17    or may not be paid by Mr. Rosenfeld.

18    It does matter to me when I formulate a sentence,

19    whether or not a defendant is committed to and has taken

20    affirmative steps toward paying the restitution to victims;

21    and, I think, Mr. Mehta, if I'm not incorrect, that

22    restitution has a priority over the forfeiture.

23    Do you disagree with that, sir?

24    MR. MEHTA:  No, Your Honor, we don't disagree with

25    that.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1          THE COURT:  All right.  Thank you.  Well, please let

2    me know in advance of sentencing because I will want to know

3    that information.

4          MR. MEHTA:  Yes, Your Honor.

5          THE COURT:  In addition to the restitution

6    obligation, sir, you have to pay a $100 mandatory special

7    assessment.  That should also be paid in full when you are

8    sentenced.  It would go a long way towards just getting one of

9    your obligations out of the way.

10         So you will be facing mandatory restitution, a $100

11   special assessment, and a $4 million forfeiture.

12         Now, do you have any questions about the monetary

13   sanctions so far, Mr. Rosenfeld?

14         THE DEFENDANT:  No, Your Honor.

15         THE COURT:  All right.  Mr. Rosenfeld, under the

16   Sentencing Reform Act of 1984, the United States Sentencing

17   Commission issued guidelines for judges to consult in

18   determining a sentence in a criminal case.  The United States

19   Supreme Court has held that those guidelines are not mandatory

20   but rather advisory.

21         In addition to the guidelines, to which I will give

22   respectful consideration, I will also look at the statutory

23   sentencing factors set forth at 18 U.S. Code, Section 3553, in

24   determining your sentence.

25         Your agreement, at paragraph two, advises you that

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   the guidelines are not mandatory.  In addition, paragraph two

2   sets forth the U.S. Attorney's estimate as to what guideline

3   would apply in your case; and they estimate that the base

4   offense level for your offense would be seven, but, because of

5   the loss amount exceeding $3.5 million, 18 points would be

6   added, and you would then be at an advisory guideline offense

7   level of 25.  Because you are pleading guilty, you will be

8   awarded points for acceptance of responsibility.

9           I would note, though, that the agreement says that

10  his guilty plea must occur before May 7.  Today is May 20.

11          MR. MEHTA:  Yes, Your Honor.  We can correct on the

12  record that the date should be changed to May 20.

13          THE COURT:  All right.

14          MR. MEHTA:  What I can do is after this, Your Honor,

15  I can submit this guilty plea to counsel and just have them

16  initial next to that date the change.

17          THE COURT:  All right.  So because you are pleading

18  guilty by today, so the Government has agreed that they will

19  allow me to award an additional one point reduction.  So

20  that's three points off for acceptance of responsibility.

21  That would bring you to an adjusted offense level of 22, which

22  carries a range of imprisonment between 41 and 51 months,

23  based on an assumption that you will fall in criminal history

24  category one.

25          Now, category one means usually no prior

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1     convictions, and, during the course of the presentence report,

2     the probation officer will have a thorough look at your

3     criminal history, and it may be that your criminal history

4     will not field a category one; but you will have an

5     opportunity to address anything in the presentence report.

6              Do you understand?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Mr. Rosenfeld, have you discussed with

9     your attorney the advisory nature of the guidelines and how

10    they might be calculated in your case?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  In addition, sir, the Probation

13    Department, as I mentioned, will prepare what's called a

14    presentence report.  That's a report that will tell me about

15    the circumstances of your offense.  It will also advise me of

16    your biographical information, when and where you were born,

17    what family obligations you may have, what kind of family you

18    grew up in, what your job history has been, your educational

19    history, your criminal history, and other information relevant

20    to sentencing.  You will have an opportunity to object to or

21    correct any information reported by Probation.  The Government

22    will also have an opportunity to respond.

23             Once I receive the PSR, your objections or

24    corrections and any responses by the Government, I will then

25    independently calculate your advisory guidelines.  Once I do

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    that, I have the authority to impose a sentence that is more

2    severe or less severe than that called for by the guidelines.

3            Do you understand?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  In addition, Mr. Rosenfeld, at paragraph

6    four of your agreement with the Government, you have agreed

7    not to file an appeal or otherwise challenge your conviction

8    or sentence if I impose a sentence of 57 months or less.

9            Do you understand that you are giving up your right

10   to challenge any sentence of 57 months or less?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Did you discuss this provision with your

13   lawyer, sir?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  All right.  In addition, Mr. Rosenfeld,

16   parole in the federal system has been abolished; and, if you

17   are sentenced to prison, you will not be released on parole.

18           Do you understand?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Ms. Necheles, do you agree with the

21   Government's advisory guidelines estimate, as set forth in

22   Mr. Rosenfeld's agreement?

23           MS. NECHELES:  Yes, Your Honor.

24           THE COURT:  Mr. Rosenfeld, even though your attorney

25   agrees with the Government's calculations, as I said, those

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   calculations could be incorrect; and I do have an obligation

2   to independently calculate your advisory guidelines.  So that

3   will be determined prior to your sentence; and, again, I do

4   have the authority to impose a sentence that is more or less

5   severe than that called for by the guidelines.

6            Do you understand?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Do you have any questions you would like

9   to ask me about the charge, your rights, sentencing, or

10  anything else relating to this matter?

11           THE DEFENDANT:  No, Your Honor.

12           THE COURT:  Mr. Rosenfeld, if you receive a sentence

13  that is not what you would prefer or hope for, that will not

14  be a basis for you to withdraw your guilty plea.

15           Do you understand?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Are you ready to plead?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Ms. Necheles, do you know of any reason

20  why your client should not plead guilty?

21           MS. NECHELES:  No, Your Honor.

22           THE COURT:  Are you aware of any viable legal

23  defenses that are causing you to counsel Mr. Rosenfeld not to

24  proceed with his guilty plea?

25           MS. NECHELES:  No, Your Honor.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1          THE COURT:  Mr. Rosenfeld, what is your plea, guilty

2    or not guilty?

3          THE DEFENDANT:  Guilty.

4          THE COURT:  Are you making the plea of guilty

5    voluntarily and of your own free will?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Did anyone threaten you or force you to

8    plead guilty?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Other than the agreement that you made

11    with the Government, did anyone make any promise to you that

12    caused you to plead guilty?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Did anyone make any promise to you about

15    what your sentence will be?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  At this time, Mr. Rosenfeld, I'm going

18    to ask you to please tell me in your own words what you did

19    with regard to the conduct charged in the information,

20    specifically wire fraud, between May 2014 and March 2018.

21          THE DEFENDANT:  Between 2014 and March 2018 I got

22    victims one to five to invest money with me by telling them

23    that I would use their money for real estate investments.  I

24    instead invested their money in the stock and commodities

25    markets.

MICHELE NARDONE, CSR -- Official Court Reporter

26

USA v. Rosenfeld

1          I had a gambling problem and believed that I would

2    make the investors more money.

3          By investing the money this way, I know that what I

4    did was wrong and that I deceived investors.

5          THE COURT:  Wait.  Just a moment, sir.  Just take a

6    moment, okay, because we need to make sure that the record

7    captures what you need to say.

8          Do you want to take a few minutes?

9          THE DEFENDANT:  It's okay.

10          THE COURT:  I will tell you where I had a little

11    difficulty.  You said you know what you did was wrong and --

12          THE DEFENDANT:  And that I deceived investors.  And

13    I feel great remorse.  I took these acts in Brooklyn,

14    New York.

15          THE COURT:  Sir, did you use wire communications,

16    telephone, computer, anything of that nature, in order to

17    execute this fraudulent scheme against your victims?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Mr. Mehta, is there anything else that

20    you would like to hear from Mr. Rosenfeld regarding his

21    allocution?

22          MR. MEHTA:  I just want to note that the Government

23    has evidence that the telephone was used as well as e-mails.

24    That satisfies the requirement of wire fraud.

25          THE COURT:  So you have evidence that Mr. Rosenfeld

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    used the telephone and e-mail, sir?

2              MR. MEHTA:  Yes, Your Honor, to communicate with his

3    victims as part of the wire fraud.

4              THE COURT:  All right.  Does Ms. Necheles dispute

5    Mr. Mehta's representation?

6              MS. NECHELES:  No, Your Honor.

7              THE COURT:  Mr. Rosenfeld, you heard what the

8    Government prosecutor said, that you used the telephone and

9    e-mail to execute this fraudulent scheme against your victims.

10             Is that accurate, sir?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.  Is there anything else,

13   Ms. Necheles, that you would like to add to your client's

14   allocution or clarify?

15             MS. NECHELES:  No, Your Honor.

16             THE COURT:  Mr. Rosenfeld, based upon the

17   information that you have provided under oath here today, I

18   find that you are acting voluntarily; that you fully

19   understand your rights and the consequences of your plea; and

20   that there is a factual basis for your plea of guilty to the

21   information.

22             I do accept your plea of guilty to the sole count

23   wire fraud, as set forth in the information.

24             I would like you to cooperate with the probation

25   officer in the preparation of your presentence report.  We

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   have scheduled your sentencing date for September 13 at

2   11:30 a.m.  Is that an issue?  Is that date a problem for

3   anybody?

4           MS. NECHELES:  Your Honor, I just need to check when

5   the Jewish holidays are.

6           THE COURT:  All right.

7           MR. MEHTA:  Your Honor, can you repeat the date?

8   Was it September 13, Your Honor?

9           THE COURT:  Yes.  We are going to check to see if

10  that conflicts with the Jewish holiday.  We can do it in

11  advance of that.  I know there are a lot of Jewish holidays

12  starting in the fall and continuing.

13          MS. NECHELES:  Your Honor, I don't have it in front

14  of me; but we had spoken with the prosecutor perhaps about

15  putting this off a little longer.

16          Mr. Rosenfeld has a severe shoulder injury that --

17  which is what he was talking about when he said he was under

18  the care of his doctor.  He broke his shoulder, and it's very

19  difficult for him to do everyday living activities, such as

20  putting clothes on by himself and things like that.

21          So we were hoping to get enough time for him to be

22  able to recover with that and thought maybe we would putting

23  sentencing off, he would be able to recover, and not go into

24  jail with this kind of disability.

25          THE COURT:  What kind of time frame are we talking

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    about?  I mean, September is two and a half months away.

2              MS. NECHELES:  We were -- I don't think that he will

3    be substantially recovered by then.  What his doctor had told

4    us was that he thought six months would be the time frame.

5              THE COURT:  Did you say he has a broken shoulder, or

6    a dislocated shoulder?

7              MS. NECHELES:  Broken shoulder.  He broke his

8    shoulder and humerus.

9              THE COURT:  How long ago did he break his shoulder?

10             MS. NECHELES:  About a month, Your Honor.

11             THE COURT:  Mr. Mehta, what is your view about

12   putting the sentencing off for six months?

13             MR. MEHTA:  I think that would be -- May, so that

14   would be November.  So that would be two months later than the

15   Court requested.  I think two months would be fine, Your

16   Honor.

17             I don't think -- as long as we do it before the end

18   of the year.  I don't want to push it off until next year.

19             THE COURT:  Well, no, it's not going to be pushed

20   over to next year.

21             What Jewish holidays do we have in November that we

22   should be aware of, other than Hanukkah on November 28?

23             MS. NECHELES:  I don't believe there are any other

24   Jewish holidays in November.

25             THE COURT:  All right.  So how about November 2nd --

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1   no, let's say November 3rd.  November 3rd?

2              MS. NECHELES:  November 3rd is fine, Your Honor.

3              THE COURT:  What time would you like to come in for

4   your sentencing, sir?  Is 11:00 okay?

5              THE DEFENDANT:  Whatever works for Your Honor.

6              THE COURT:  Well, I'm here as early as can be.  So,

7   shall we say 10 o'clock.

8              THE CLERK:  Judge, we have another sentence on that

9   date.

10              THE COURT:  Oh.  Is everybody -- we are working

11   November 2nd, which is Election Day.

12              Is that a problem for anybody?

13              MS. NECHELES:  That's fine with us, Your Honor.

14              THE COURT:  Let's do November 2nd then, please.

15              MS. NECHELES:  Did you want to say 10 o'clock then,

16   Your Honor?

17              THE COURT:  10 o'clock is great.  Thank you.

18              So what I would like to order is that the parties

19   follow Rule 32 of the criminal rules in providing any

20   objections to the presentence report.  They need not be filed

21   on ECF, but they should be served on Probation, your

22   adversary, and a copy to my chambers.

23              The defense's response to the PSR are due within one

24   week of receipt.  The Government will respond one week

25   thereafter.

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1      Now, in terms of the sentencing submissions, which

2  are due -- which should be filed by ECF, with copies to

3  Probation, let's ask that the defense submissions to be made

4  on October 4.  Is that a problem?  Is that a Jewish holiday?

5  Let me check.  I want to just avoid them, if I can, right now.

6      October 4 doesn't appear to be a Jewish holiday, but

7  I don't, honestly, have all of the holidays on my calendar.

8      Is October 4 --

9      MS. NECHELES:  October 4 is not a Jewish holiday.

10      (Pause.)

11      MS. NECHELES:  Your Honor, if we can just ask for

12  one more week so we have a week after the holiday.

13      THE COURT:  Okay.  So October 12?

14      MS. NECHELES:  October 12 is fine.

15      THE COURT:  And the Government will submit their

16  response by October 19.  And any reply would be due

17  October 26.

18      Now, again, those should be filed via ECF, but if

19  there are names of minor children or any personal medical

20  information, it should be redacted from the public docket; and

21  you can file an unredacted version under seal, for attorneys'

22  eyes and the Court's eyes only.  All right?  But, please,

23  don't put names of minor children in your submissions.

24      Is there anything else I should address at this

25  time?

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1    MS. NECHELES:  Your Honor, we wanted to ask if

2    Mr. Rosenfeld's bail conditions could be modified just a bit,

3    to allow him to travel throughout the tristate area, New York,

4    New Jersey, and Connecticut.  He has family members there and

5    other people who he is close to and who will be having various

6    wedding and other events and who he normally would visit with.

7    THE COURT:  Well, I will hear from the Government;

8    but I will say that generally the way this works is you should

9    make a request in advance, specifically advising your officer

10   where you want to go, why you want to go, where and who you

11   are going to stay with, and provide that information so the

12   officer knows when you are coming back into the district.  No

13   expensive out-of-state trips by air or other means that are

14   going to cause you to diminish your ability to pay restitution

15   or forfeiture or fine.  So that's how I would generally advise

16   you to proceed.

17   Does Mr. Mehta have a different view about

18   out-of-state travel?

19   MR. MEHTA:  No, Your Honor.  We will concur with the

20   Court's view.

21   MS. NECHELES:  Just to be clear, I was only asking

22   for the states New York, New Jersey, and Connecticut, which

23   wouldn't be flights or any expensive trip.

24   THE COURT:  Right, but I still think your officer

25   ought to know, because if he or she needs to have Mr. -- you

MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Rosenfeld

1  know, he or she is supervising Mr. Rosenfeld's compliance with

2  pretrial and needs to know whether he is traveling and why.

3  So you can request, or if you wanted to send a letter in now

4  and lay out all the dates and your travel plans, your means of

5  travel, and where you intend to stay, we can deal with all of

6  his intended travel between now and the date of his

7  sentencing.  Would you like to do it that way?

8          MS. NECHELES:  I will confer with him and see what

9  we can do.

10         THE COURT:  I just don't want to give a blanket

11 authority to leave the state without some definite idea where

12 he is going and why.

13         MS. NECHELES:  I understand, Your Honor.

14         THE COURT:  All right.  Great.

15         Is there anything else I need to address?

16         MS. NECHELES:  No.

17         MR. MEHTA:  Not from the Government, Your Honor.

18         THE COURT:  Okay.  Great.  Thank you, everybody.

19 Have a nice day.  I will see you on November 2nd.  Bye-bye.

20         (End of proceedings.)

21                         o O o

22 Certified to be a true and accurate transcript.
   /s/ Michele Nardone
23 MICHELE NARDONE, CSR -- Official Court Reporter

24

25

MICHELE NARDONE, CSR -- Official Court Reporter